# EXHIBIT 1

**12-Person Jury**

FILED
1/7/2019 11:19 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH00205

FILED DATE: 1/7/2019 11:19 PM   2019CH00205

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

LISA STEPHAN, individually and on behalf of similarly situated individuals, )
)
*Plaintiff*, )
)
v. )
)
PAYCHEX, INC., a Delaware Corporation, )
)
*Defendant.* )

No. 2019CH00205

Hon.

### CLASS ACTION COMPLAINT & JURY DEMAND

Plaintiff Lisa Stephan ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings her Class Action Complaint against Defendant Paychex, Inc. ("Paychex" or "Defendant"), for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to her own experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

### INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. This case concerns the misuse of individuals' biometrics by Defendant Paychex, a leading provider of payroll, timekeeping, HR, tax, and compliance services for businesses. Paychex also offers biometric timekeeping solutions, including the biometric system utilized by Plaintiff.

FILED DATE: 1/7/2019 11:19 PM    2019CH00205

3.      Defendant is capturing, storing, using, and/or disseminating the biometrics of Plaintiff and other Class members without their informed written consent as required by law.

4.      Defendant's biometric technology captures, collects, or otherwise uses biometrics, including handprints, or data derived therefrom, to authenticate the identity of individuals. Defendant Paychex offers such technology to its various corporate and business clients, and such clients in turn use the technology on customers and/or employees, such as Plaintiff.

5.      Biometric technology allows companies to reduce timekeeping fraud. Unfortunately, along with the increased utility of biometric technology, so too come grave privacy risks associated with the unauthorized or malicious dissemination of this information.

6.      The risk of harm is greatly magnified when biometrics are obtained in violation of reasonable regulations designed to protect individuals' irreplaceable information. The permanent and irreplaceable nature of one's biometrics makes the illegal collection of the same a significant public problem with far-reaching consequences, including irreversible identity theft.

7.      Recognizing the irreversible harm presented by allowing the unregulated collection and use of biometrics, Illinois passed the BIPA, a statute addressing the collection, use, retention, possession, and dissemination of biometrics by private entities, such as Defendant.

8.      Under BIPA, a biometric system, such as Defendant's system, is perfectly legal if, and *only if,* Defendant *first*:

> (1)     informs the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;
>
> (2)     informs the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

FILED DATE: 1/7/2019 11:19 PM   2019CH00205

  (3)  receives a *written release* from the person whose biometrics are to be

collected, allowing the capture and collection of their biometric identifiers or

biometric information; <u>and</u>

  (4)  publishes publicly available retention guidelines for permanently destroying

biometric identifiers and biometric information. 740 ILCS 14/15(a).

9.  BIPA's requirements bestow a right to privacy in biometrics and a right to make an

*informed* decision when electing whether to provide or withhold biometrics.

10.  Defendant's biometric timekeeping system works by extracting biometric

information from individuals, such as handprints or portions thereof, and subsequently using the

same for authentication and timekeeping purposes. The system includes the dissemination of

biometrics to third parties, such as data storage vendors and payroll services. The biometrics are

stored and repeatedly used each time a worker "clocks in" or "out" on the job.

11.  The Illinois Legislature has found that "biometrics are unlike other unique

identifiers that are used to access finances or other sensitive information. For example, even

sensitive information like Social Security numbers, when compromised, can be changed.

Biometrics, however, are biologically unique to each individual and therefore, once compromised,

such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw

from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's

biometric information is also associated with their personally identifiable information. Indeed, the

magnitude of the unresolvable problems created in the event of a data breach is so severe that the

unlawful collection of biometrics constitutes actual harm.

12.  Plaintiff brings this action for damages and other remedies resulting from the

actions of Defendant in capturing, storing, using, and disseminating her biometrics, and those of

FILED DATE: 1/7/2019 11:19 PM  2019CH00205

hundreds or thousands of other individuals throughout the state of Illinois, without informed written consent, and without informing them through a publicly available policy of how and when the subject biometrics would be stored or disposed of, in direct violation of the Illinois BIPA.

13.     To the extent Defendant is still retaining Plaintiff's biometrics, such retention is unlawful.   Plaintiff would not have provided her biometric data to Defendant or utilized its biometric timekeeping technology had she known the same would remain with Defendant for an indefinite period or subject to unauthorized disclosure.

14.     On behalf of herself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and common law monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

## PARTIES

15.     At all relevant times, Defendant Paychex, Inc. has been a Delaware corporation registered with and authorized by the Illinois Secretary of State to transact business in Cook County, Illinois.  Defendant transacts business throughout Illinois and in Cook County.

16.     At all relevant times, Plaintiff Stephan has been a resident and citizen of the State of Illinois and worked for Defendant in Cook County, Illinois.

## JURISDICTION AND VENUE

17.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

4

FILED DATE: 1/7/2019 11:19 PM 2019CH00205

18.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Cook County and thus resides there under § 2-102, and because the transaction out of which this cause of action arises occurred in Cook County.

## FACTS SPECIFIC TO PLAINTIFF

19.     Paychex is a leading provider of payroll, timekeeping, HR, tax, and compliance services for businesses, including biometric timekeeping services.

20.     During the relevant time period, Plaintiff's employer utilized biometric scanning technology provided and serviced by Defendant Paychex to monitor and track workers, including Plaintiff's, time.

21.     Plaintiff was required to scan her entire hand and/or handprint into Paychex's biometric timekeeping device each time she needed to "clock-in" and "clock-out." Paychex's system ensures that Plaintiff could only verify her attendance and timeliness using the device. Paychex was aware that Plaintiff and other class members would be required to utilize the biometric timekeeping technology.

22.     Plaintiff relied on Paychex as the provider of the biometric technology to not only provide a lawful and legally compliant system, but to also disclose all material information regarding the technology and system, including Paychex's biometric data retention, destruction, and dissemination policies.

23.     Paychex was aware, or reckless in failing to be aware, that customers and employees of its clients would be subject to Paychex's biometric technology. Paychex was aware that its biometric technology would be capturing, collecting, utilizing, and/or disseminating the biometrics of Plaintiff and the Class members.

5

FILED DATE: 1/7/2019 11:19 PM    2019CH00205

24. Paychex's biometric technology allows for and resulted in the dissemination of Plaintiff and other Class member's biometrics to third parties, including vendors for timekeeping, data storage, and payroll purposes.

25. Prior to taking Plaintiff's biometrics through its biometric technology, Defendant did not inform Plaintiff in writing that her biometrics were being collected, stored, used, or disseminated, or publish any policy specifically about the collection, retention, use, deletion, or dissemination of biometrics. Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of her biometrics.

26. Prior to taking Plaintiff's biometrics, Defendant did not make publicly available any written policy as to a biometric retention schedule and guidelines for permanently destroying the collected biometrics.

27. Additionally, Defendant did not obtain consent from Plaintiff for any dissemination of her biometrics to third parties.

28. To this day, Plaintiff is unaware of the status of her biometrics obtained by Defendant. Defendant has not informed Plaintiff whether it still retains her biometrics, and if it does, for how long it intends to retain such information without her consent.

29. Plaintiff has suffered pecuniary damages in the form of lost wages, diminution in the unique identifying value of her biometrics, and other costs associated with identity protection.

30. Furthermore, Plaintiff's biometrics are economically valuable and such value will increase as the commercialization of biometrics continues to grow. Defendant's repeated use of Plaintiff's biometrics does and will continue to confer a benefit on Defendant for which Plaintiff was not sufficiently compensated.

31.     At the time Plaintiff's biometrics were captured, Defendant did not have a publicly available policy of informing individuals, including Plaintiff, of what happens to their biometrics after they are captured, whether the information is disseminated to a third party and, if so, which third party, and what would happen to the data if Defendant was to be acquired or file bankruptcy.

32.     Plaintiff experiences mental anguish and injury when she thinks about the status of her biometrics and who has, or could have, access to such private information; what would happen to her biometrics if Defendant or its clients went bankrupt or otherwise sold their assets; whether Defendant will ever delete her biometric information; what would happen if Defendant or its clients were to experience a data breach; and how any such breach would result in irreparable harm to her identity.  This harm is even more acute because an individual with access to Plaintiff's biometrics could potentially access other financial accounts or health records which may currently, or at some time in the future, be secured through her biometrics.

33.     By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy.

## CLASS ALLEGATIONS

34.     Plaintiff brings this action on behalf of herself and similarly situated individuals pursuant to 735 ILCS § 5/2-801.  Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant or its technology within the State of Illinois any time within the applicable limitations period.

35.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

FILED DATE: 1/7/2019 11:19 PM   2019CH00205

7

FILED DATE: 1/7/2019 11:19 PM   2019CH00205

36.    Upon information and belief, there are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's personnel records.

37.    Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations and common law transgressions.

38.    There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

      a.    Whether Defendant's timekeeping technology and associated conduct is subject to BIPA;

      b.    Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

      c.    Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

      d.    Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

      e.    Whether Defendant's conduct violates BIPA;

      f.    Whether Defendant's conduct is negligent;

FILED DATE: 1/7/2019 11:19 PM 2019CH00205

g.   Whether Defendant's violations of the BIPA are willful or reckless; and

h.   Whether Plaintiff and the Class are entitled to damages and injunctive relief.

39.   Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

40.   Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

41.   Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*,
### (On behalf of Plaintiff and the Class)

42.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43.   Defendant is a private entity under BIPA.

44.   BIPA requires private entities, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes

9

FILED DATE: 1/7/2019 11:19 PM   2019CH00205

it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

45.     Illinois' BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy.   Entities which possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

46.     Plaintiff and the other Class members have had their "biometric identifiers," namely their handprints, collected, captured, received or otherwise obtained by Defendant and/or its technology.  Plaintiff and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA.  740 ILCS 14/10.

47.     Each instance Plaintiff and the other Class members had their handprints scanned into Defendant's biometric devices, Defendant and/or its technology captured, collected, stored, and/or used Plaintiff's and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

FILED DATE: 1/7/2019 11:19 PM  2019CH00205

48.  Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

   a.  Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

   b.  Defendant failed to inform Plaintiff and Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   c.  Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   d.  Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

   e.  Defendant failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

   f.  Defendant failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

49.  By designing and operating an employee timekeeping system which uses biometrics that was devoid of the privacy protections required by BIPA, Defendant profited from Plaintiff's and the Class members' biometric identifiers and biometric information in violation of 740 ILCS 14/15(c). Defendant knew, or was reckless in not knowing, that the biometric systems

11

FILED DATE: 1/7/2019 11:19 PM   2019CH00205

it was selling, maintaining, and/or servicing would be subject to the provisions of BIPA yet wholly failed to comply with the statute.

50.     By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class' biometrics as described herein, Defendant denied Plaintiff and the Class their right to statutorily-required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

51.     Had Defendant informed Plaintiff that she was not being provided with the required information regarding her biometrics and the biometric timekeeping program it was providing as required by law, or that the biometric technology it was providing was not legally compliant, she would not have worked in the subject employment conditions or agreed to provide her biometrics without additional compensation.

52.     Further, had Defendant provided Plaintiff with all required disclosures, she at least would have been able to make an informed decision concerning material facts of the work environment, including whether the rate of pay and opportunity cost justified participating in the biometric timekeeping program.

53.     The BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of the BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA. 740 ILCS 14/20(1).

54.     Defendant's violations of the BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

55.     With respect to Count I, Plaintiff, on behalf of herself and the proposed Class, prays for (i) a declaration that Defendant's actions violate BIPA; (ii) an award of injunctive and equitable

FILED DATE: 1/7/2019 11:19 PM   2019CH00205

relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the BIPA requirements for the capture and collection of biometrics, as well as requiring Defendant to comply with the written retention policy requirements of 740 ILCS 14/15(a); (iii) an award of statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(1); (iv) an award or statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(3); and (v) an award of reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3).

## COUNT II
### Negligence
### (On behalf of Plaintiff and the Class)

56.     Plaintiff hereby incorporates the foregoing allegations as if fully set forth herein.

57.     To the extent that a fact finder concludes Defendant did not intentionally withhold information from Plaintiff and the Class relating to their biometrics, Defendant was nonetheless careless and negligent in its failure to act reasonably regarding its biometric technology and associated conduct.

58.     A special relationship existed between Plaintiff and the Class and Defendant which gave rise to various duties and obligations concerning the biometric timekeeping and biometric data at issue.

59.     Due to Defendant's position of superior knowledge and control regarding its biometric technology, including any policies and procedures, relative to Plaintiff's limited knowledge and power, a duty existed for Defendant to act reasonably in the circumstances. Such duty required Defendant to disclose all legally required information regarding the biometric technology and required Defendant to refrain from concealing such information from Plaintiff and the Class.

13

FILED DATE: 1/7/2019 11:19 PM 2019CH00205

60.     Defendant also had a duty to obtain lawful, informed, written consent from Plaintiff and the Class prior to capturing, collecting, storing, transferring, and using their biometrics with its biometric technology.

61.     Further, Defendant's conduct in handling Plaintiff's biometrics gave rise to a duty for Defendant to act reasonably in handling, safeguarding, and using such biometrics, which included complying with all applicable laws and preventing the unauthorized disclosure of such information to third parties.

62.     Defendant knew, or should have known, of the risks inherent in collecting, storing, using, and disseminating biometrics and owed duties of reasonable care to Plaintiff and the Class whose biometrics were obtained through their equipment and technology.

63.     Defendant breached each of the aforementioned duties, as well as any other duties that existed by operation of law, by, among other things, failing to implement a BIPA-compliant biometric system with reasonable data security policies and failing to obtain informed written consent from Plaintiff and the Class prior to handling their biometrics, whether directly or through its technology and/or equipment.

64.     As a direct and proximate result of Defendant's conduct in failing to act reasonably with regards to the biometrics of the Plaintiff and the Class, the Plaintiff and the Class have suffered pecuniary and non-pecuniary injury, as further described *supra*.

65.     With respect to Count II, Plaintiff, on behalf of herself and the proposed Class, prays for an award of actual and compensatory damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

FILED DATE: 1/7/2019 11:19 PM 2019CH00205

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

f. Awarding monetary damages and equitable relief for Defendant's negligence in an amount to be determined at trial;

g. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

h. Awarding pre- and post-judgment interest, as allowable by law; and

i. Awarding such further and other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: January 7, 2018                                  Respectfully Submitted,

LISA STEPHAN, individually and on behalf of a class of similarly situated individuals

By:     /s/ William P.N. Kingston
        *One of Plaintiff's Attorneys*

FILED DATE: 1/7/2019 11:19 PM   2019CH00205

William P.N. Kingston
Jad Sheikali
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
(312) 893-7002
wkingston@mcgpc.com
jsheikali@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*