IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LISA STEPHAN, individually and on behalf of similarly situated individuals, | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) |
| PAYCHEX, INC., a Delaware corporation, and SCHLAGE LOCK COMPANY LLC, a Delaware limited liability corporation, | ) ) ) ) ) ) |
| *Defendants.* | ) |

No. 19-cv-00803

Hon. Manish S. Shah

Magistrate Sunil R. Harjani

**Jury Trial Demanded**

## FIRST AMENDED CLASS ACTION COMPLAINT & JURY DEMAND

Plaintiff Lisa Stephan ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings her First Amended Class Action Complaint against Defendants Paychex, Inc. ("Paychex") and Schlage Lock Company LLC ("Schlage") (collectively, "Defendants"), for their respective violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for persons injured by their conduct. Plaintiff alleges the following based on personal knowledge as to her own experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

### INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. Defendant Paychex is a leading provider of payroll, timekeeping, HR, tax, and compliance services for businesses.

3. Defendant Schlage is a leading provider of employee time-tracking solutions and devices, including biometrically-enabled employee time-tracking devices. Schlage provides such biometric devices and technology to its commercial clients, including Plaintiff's employer, in order to allow its clients to collect, capture, store, disseminate, and otherwise use the biometric identifiers and biometric information of their workers.

4. Defendant Paychex, in turn, relies on information and data that is generated as a result of the capture of biometric identifiers in order to conduct payroll processing services for its commercial clients, including Plaintiff's employer. Because Paychex obtains information and data, regardless of the format, that is generated by individuals' biometric identifiers, Paychex obtains *biometric information*.

5. The subject biometric devices and technology involves the transfer of biometric information between Defendant Schlage and Defendant Paychex in order for Paychex to provide its commercial clients payroll processing services.

6. BIPA provides, *inter alia*, that private entities, such as Defendants, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any data regardless of the manner from which it was converted, or is converted or stored, unless they first:

(1) inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

(2) inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

  (3) receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; <u>and</u>

  (4) publish publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

7. BIPA also requires private entities in possession of biometric information to develop a publicly-available written policy outlining the storage and destruction policies of such biometric identifiers, and/or any biometric information derived from such identifiers. 750 ILCS 14/15(a).

8. Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing the same to third parties without informed consent. 740 ILCS 14/15(c)&(d).

9. Indeed, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information," (740 ILCS 14/5), and therefore require special treatment compared to traditional private personal information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. "Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5.

10. Plaintiff brings this action for statutory damages and other remedies as a result of Defendants' collective and respective conduct in violating her biometric privacy rights under BIPA.

11. Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper or through a prominently featured notice affixed to a biometric-enabled device.

12. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

13. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

14. On behalf of herself and the proposed Class and Subclass defined below, Plaintiff seeks an injunction requiring Defendants to comply with BIPA, as well as an award of statutory damages to the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

## PARTIES

15. Defendant Paychex, Inc., is a Delaware corporation registered with and authorized by the Illinois Secretary of State to transact business in Illinois. Defendant Paychex transacts business throughout Illinois, including in this District.

16. Defendant Schlage Lock Company LLC a Delaware limited liability corporation registered with and authorized by the Illinois Secretary of State to transact business in Illinois. Defendant Paychex transacts business throughout Illinois, including in this District

17. At all relevant times, Plaintiff Stephan has been a resident and citizen of the State of Illinois.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class action in which the

matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendants' states of citizenship; and none of the exceptions under subsection 1332(d) apply to the instant action.

19. This Court may assert personal jurisdiction over Defendants because they conduct substantial business throughout Illinois, including in this District.

### FACTS SPECIFIC TO PLAINTIFF

20. Defendant Paychex is a leading provider of payroll, timekeeping, HR, tax, and compliance services for businesses. Defendant Schlage is a leading provider of employee time-tracking solutions and devices, including biometrically-enabled employee time-tracking devices.

21. During the relevant time period, Plaintiff's employer utilized biometric scanning technology provided by Defendant Schlage to monitor and track workers', including Plaintiff's, time. Information generated from such biometric collection, *i.e.* biometric information, was relied upon by Defendant Paychex in order process Plaintiff's payroll.

22. Plaintiff was required to scan her entire fingerprints and/or handprints into the biometric timekeeping device each time she needed to "clock-in" and "clock-out." The subject Schlage biometric system ensured that Plaintiff could only verify her attendance and timeliness using the biometric device.

23. Using its biometric devices and technology, Defendant Schlage collected, captured, stored, and otherwise obtained the biometric identifiers and associated biometric information from Plaintiff and other workers in order to track their time. Defendant Paychex then obtained data and information derived from such biometrics in order process Plaintiff's payroll.

24. Although Defendant Schlage, through its biometric technology and devices, collected, captured, and stored biometric identifiers and biometric information, it failed to provide any written disclosures describing the purpose and duration of such use, it failed to make publicly available any retention or destruction policies, and it failed to obtain informed written consent, all in violation of BIPA.

25. Defendant Schlage further failed to obtain Plaintiff's and other workers' informed consent prior to disseminating their biometric information for payroll processing purposes.

26. Defendant Paychex obtains, stores, and uses information and data generated as a result of the capturing and processing of biometric identifiers in order to conduct payroll processing services for its clients, including Plaintiff's employer.

27. Although Defendant Paychex obtains, stores, and uses biometric information, it failed to provide any written disclosures describing the purpose and duration of such use, it failed to make publicly available any retention or destruction policies, and it failed to obtain informed written consent, all in violation of BIPA.

28. The data and information that Defendant Paychex ultimately obtains and relies on to conduct Payroll processing services for its commercial clients constitutes biometric information because such data and information is based on, and would not exist absent, individuals' respective biometric identifiers.

29. By failing to comply with BIPA, Defendants have collectively and respectively violated Plaintiff's substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

30. Plaintiff brings this action on behalf of herself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class and Subclass ("Class," unless otherwise noted) defined as follows:

> **Class**: All individuals whose biometric identifiers or biometric information was collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant Schlage within the state of Illinois any time within the applicable limitations period.
>
> **Subclass**: All individuals whose biometric identifiers or biometric information was collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant Paychex within the state of Illinois any time within the applicable limitations period.

31. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

32. Upon information and belief, there are at least thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendants' records.

33. Plaintiff's claims are typical of the claims of the Class she seeks to represent, because the bases of Defendants' liability to Plaintiff and the Class is substantially the same, and because Defendants' conduct has resulted in similar injuries to Plaintiff and to the Class.

34. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

   a. Whether the subject biometric system and technology collects, captures, or

     otherwise obtains biometric identifiers or biometric information;

b. Whether any biometric information is generated or otherwise derived from the subject biometric system and technology;

c. Whether Defendant Schlage disseminates to Defendant Paychex biometric information;

d. Whether Defendant Paychex obtains, collects, or relies on data or information that is derived or based on biometric identifiers;

e. Whether either Defendant Paychex or Defendant Schlage made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometric identifiers or biometric information;

f. Whether either Defendant Paychex or Defendant Schlage obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometric identifiers or biometric information;

g. Whether Defendants' conduct violates BIPA;

h. Whether Defendants' BIPA violations are willful or reckless; and

i. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

35. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

36. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial

experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

37. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, (On behalf of Plaintiff and the Class and against Defendant Schlage)

38. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39. Defendant Schlage is a private entity under BIPA.

40. BIPA requires private entities, such as Defendant Schlage, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

41. Illinois' BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention

9

policy. Entities which possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

42. Plaintiff and the other Class members have had their "biometric identifiers," namely their fingerprints and/or handprints, collected, captured, received or otherwise obtained by Defendant Schlage and/or its technology. Plaintiff and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10.

43. Each instance Plaintiff and the other Class members had their fingerprints and/or handprints scanned into Defendant Schlage's biometric devices, Defendant Schlage and/or its technology captured, collected, stored, and/or used Plaintiff's and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

44. Defendant Schlage's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements because Schlage:

    a. Failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

    b. Failed to inform Plaintiff and Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

10

  c. Failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

  d. Failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

  e. Failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

  f. Failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

  45. By designing and operating an employee timekeeping system which uses biometrics that was devoid of the privacy protections required by BIPA, Defendant Schlage profited from Plaintiff's and the Class members' biometric identifiers and biometric information in violation of 740 ILCS 14/15(c). Defendant Schlage knew, or was reckless in not knowing, that the biometric systems it was selling, maintaining, and/or servicing would be subject to the provisions of BIPA yet wholly failed to comply with the statute.

  46. By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class' biometrics as described herein, Defendant Schlage denied Plaintiff and the Class their right to statutorily required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

  47. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of the BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1).

48. Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

49. Accordingly, with respect to Count I, Plaintiff, on behalf of herself and the proposed Class, prays for the relief set forth below.

### COUNT II
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, (On behalf of Plaintiff and the Subclass and against Defendant Paychex)

50. Plaintiff hereby incorporates the foregoing allegations as if fully set forth herein.

51. Defendant Paychex is a private entity under BIPA.

52. In order to conduct payroll processing services for its commercial clients, including Plaintiff's and the Subclass's respective employers, Defendant Paychex obtains and relies on data and information derived from biometric identifiers, *i.e.* biometric information. Such biometric information is necessarily, even if temporarily, stored in the possession of Defendant Paychex in some format and manner in order to allow Paychex to accurately perform payroll processing services.

53. The information and data that Defendant Paychex obtains and relies on to conduct payroll processing services for its commercial clients does not exist absent the collection, capture, storage, transfer, and use of Plaintiff's and Subclass members' biometric identifiers.

54. By conducting payroll processing services that rely on biometric information for its commercial clients, Defendant Paychex profits from biometric information in violation of 740 ILCS 14/15(c).

55. Prior to obtaining Plaintiff's and the Subclass members' biometric information, and in violation of 740 ILCS 14/15(b), Defendant Paychex failed to provide any written disclosures

12

regarding its use of such biometric information, nor the purpose or duration of such use, and failed to obtain written releases from Plaintiff and the Subclass members'.

56. Prior to storing Plaintiff's and the Subclass members' biometric information, and in violation of 740 ILCS 14/15(a), Defendant Paychex failed to make publicly available a retention and destruction schedule for such biometric information.

57. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA.

58. Defendant Paychex violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant Paychex negligently failed to comply with BIPA.

59. Accordingly, with respect to Count II, Plaintiff, on behalf of herself and the proposed Subclass, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class and Subclass, respectfully requests that this Court enter an Order:

a. Certifying the Class and Subclass as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendants' actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class and Subclass by requiring Defendants to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

    e.    Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

    f.    Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

    g.    Awarding pre- and post-judgment interest, as allowable by law; and

    h.    Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: May 8, 2019

Respectfully submitted,

LISA STEPHAN, individually and on behalf of a class of similarly situated individuals,

By: /s/ Jad Sheikali
*One of Plaintiff's Attorneys*

Evan M. Meyers
Jad Sheikali
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
emeyers@mcgpc.com
jsheikali@mcgpc.com

*Counsel for Plaintiff and the Putative Class*