## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| LISA STEPHAN and MONIQUE ROBERTS, individually and on behalf of similarly situated individuals, | ) ) ) | No. 19-cv-00803 |
| | ) | |
| *Plaintiffs*, | ) | Hon. Manish S. Shah |
| | ) | |
| v. | ) | Magistrate Sunil R. Harjani |
| | ) | |
| PAYCHEX, INC., a Delaware corporation, | ) ) | **Jury Trial Demanded** |
| | ) | |
| *Defendant.* | ) | |

## SECOND AMENDED CLASS ACTION COMPLAINT & JURY DEMAND

Plaintiffs Lisa Stephan and Monique Roberts (collectively, "Plaintiffs"), individually and on behalf of other similarly situated individuals, bring their Second Amended Class Action Complaint against Defendant Paychex, Inc. ("Paychex") ("Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiffs allege the following based on personal knowledge as to their own experiences, and as to all other matters, upon information and belief, including an investigation conducted by their attorneys.

## INTRODUCTION

1.      BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2.      Defendant is a leading provider of payroll, timekeeping, HR, tax, and compliance services for businesses.

3.      Defendant relies on information and data that is generated from the capture of individual workers' biometric identifiers in order to conduct payroll processing services for its commercial clients, *i.e.* such workers' respective employers, including Plaintiffs' respective employers. Because Defendant obtains information and data that is generated by individuals' biometric identifiers, Defendant obtains *biometric information*.

4.      BIPA provides, *inter alia*, that a private entity, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any data regardless of the manner from which it was converted, or is converted or stored, unless it first:

  (1) informs the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

  (2) informs the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

  (3) receives a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; <u>and</u>

  (4) publishes publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

5.      BIPA also requires private entities in possession of biometric information to develop a publicly available written policy outlining the storage and destruction policies of such biometric identifiers, and/or any biometric information derived from such identifiers. 750 ILCS 14/15(a).

2

6. Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing the same to third parties without informed consent. 740 ILCS 14/15(c)–(d).

7. Indeed, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information," (740 ILCS 14/5), and therefore require special treatment compared to traditional private personal information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. "Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5.

8. Plaintiffs bring this action for statutory damages and other remedies as a result of Defendant's conduct in violating their biometric privacy rights under BIPA.

9. Compliance with BIPA is straightforward and minimally burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper or through a prominently featured notice affixed to a biometric-enabled device.

10. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

11. Defendant's deprivation of Plaintiffs' statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

12. On behalf of themselves and the proposed Class defined below, Plaintiffs seek an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

3

## PARTIES

13.     Defendant Paychex, Inc., is a Delaware corporation registered with and authorized by the Illinois Secretary of State to transact business in Illinois. Defendant Paychex transacts business throughout Illinois, including in this District.

14.     At all relevant times, Plaintiff Stephan has been a resident and citizen of the State of Illinois.

15.     At all relevant times, Plaintiff Roberts has been a resident and citizen of the State of Illinois

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant's states of citizenship; and none of the exceptions under subsection 1332(d) apply to the instant action.

17.     This Court may assert personal jurisdiction over Defendant because it conducts substantial business throughout Illinois, including in this District.

## FACTS SPECIFIC TO PLAINTIFFS

18.     Defendant is a leading provider of payroll, timekeeping, HR, tax, and compliance services for businesses.

19.      In order to conduct payroll services for its commercial clients, Defendant relies on information that is generated by the scanning of biometric identifiers.

20.     During the relevant time period, Plaintiffs' respective employers utilized biometric scanning technology to scan the biometric identifiers, or portions thereof, of their workers, including Plaintiffs, in order to monitor and track their time.

21.     Plaintiffs were required to scan their fingerprints, handprints, and/or other biometric identifiers, or portions thereof, into biometric timekeeping devices each time they needed to "clock-in" and "clock-out" of their shifts at work for their respective employers.

22.     Plaintiffs could only verify their attendance and timeliness using the subject biometric devices.

23.     Defendant then obtained, stored, used, and relied on information generated as a result of the collection of Plaintiffs' biometrics, *i.e.* biometric information, in order to process payroll on behalf of Plaintiffs' respective employers.

24.     Although Defendant obtains, stores, and uses biometric information, it failed to provide any written disclosures describing the purpose and duration of such use, it failed to make publicly available any retention or destruction policies, and it failed to obtain informed written consent, all in violation of BIPA.

25.     The data and information that Defendant ultimately obtains and relies on to conduct payroll processing services for its commercial clients constitutes biometric information because such data and information is based on, and would not exist absent, individuals' respective biometric identifiers.

26.     By failing to comply with BIPA, Defendant has violated Plaintiffs' substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

27.     Plaintiffs bring this action on behalf of themselves and similarly situated individuals pursuant to 735 ILCS 5/2-801. Plaintiffs seek to represent a Class ("Class") defined as follows:

> **Class**: All individuals whose biometric identifiers or biometric information was collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant within the state of Illinois any time within the applicable limitations period.

28.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

29.     Upon information and belief, there are at least thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiffs, the members can be easily identified through Defendant's records.

30.     Plaintiffs' claims are typical of the claims of the Class they seek to represent, because the bases of Defendant's liability to Plaintiffs and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiffs and to the Class.

31.     There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

> a.     Whether the subject biometric system and technology collects, captures, or otherwise obtains biometric identifiers or biometric information;
>
> b.     Whether any biometric information is generated or otherwise derived from the subject biometric system and technology;

6

    c.    Whether Defendant obtains, collects, or relies on data or information that is derived or based on biometric identifiers;

    d.    Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometric identifiers or biometric information;

    e.    Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometric identifiers or biometric information;

    f.    Whether Defendant's conduct violates BIPA;

    g.    Whether Defendant's BIPA violations are willful or reckless; and

    h.    Whether Plaintiffs and the Class are entitled to damages and injunctive relief.

32.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

33.    Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class they seek to represent. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

34.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.,**
**(On behalf of Plaintiffs and the Class)**

35.     Plaintiffs hereby incorporate the foregoing allegations as if fully set forth herein.

36.     Defendant is a private entity under BIPA.

37.     In order to conduct payroll processing services for its commercial clients, including Plaintiffs' and the Class's respective employers, Defendant obtains and relies on data and information derived from biometric identifiers, *i.e.* biometric information. Such biometric information is necessarily, even if temporarily, stored in the possession of Defendant in some format and manner in order to allow Defendant to accurately perform payroll processing services.

38.     The information and data that Defendant obtains and relies on to conduct payroll processing services for its commercial clients does not exist absent the collection, capture, storage, transfer, and use of Plaintiffs' and Class members' biometric identifiers.

39.     By conducting payroll processing services that rely on biometric information for its commercial clients, Defendant profits from biometric information in violation of 740 ILCS 14/15(c).

40.     Prior to obtaining Plaintiffs' and the Class members' biometric information, and in violation of 740 ILCS 14/15(b), Defendant failed to provide any written disclosures regarding its use of such biometric information, nor the purpose or duration of such use, and failed to obtain written releases from Plaintiffs and the Class members'.

8

41.     Prior to storing Plaintiffs' and the Class members' biometric information, and in violation of 740 ILCS 14/15(a), Defendant failed to make publicly available a retention and destruction schedule for such biometric information.

42.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.

43.     Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

44.     Accordingly, with respect to Count I, Plaintiffs, on behalf of themselves and the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the proposed Class, respectfully requests that this Court enter an Order:

a.  Certifying the Class as defined above, appointing Plaintiffs as class representatives and the undersigned as class counsel;

b.  Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with BIPA;

d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(1);

e.  Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(3);

    f.   Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

    g.   Awarding pre- and post-judgment interest, as allowable by law; and

    h.   Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

Dated: July 24, 2019

Respectfully submitted,

LISA STEPHAN and MONIQUE ROBERTS, individually and on behalf of a class of similarly situated individuals,

By: /s/ Jad Sheikali
*One of Plaintiffs' Attorneys*

Evan M. Meyers
Jad Sheikali
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
emeyers@mcgpc.com
jsheikali@mcgpc.com

*Counsel for Plaintiffs and the Putative Class*